UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

James T. Burke,                :
        Petitioner,            :
                               :
    v.                         :      File No. 1:09-CV-114
                               :
Susan Hardin, Esq.,            :
        Respondent.            :

OPINION AND ORDER
(Docs. 4, 5, 7, 9 and 11)

*Pro se* petitioner James Burke seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Burke is currently facing charges of sexual assault in state court. He claims that his accuser is lying, and that prosecutor Susan Hardin is attempting to obtain an unlawful conviction.

Hardin has moved to dismiss, arguing that Burke has failed to name his custodian as the respondent, and that the Court should abstain from interfering with an ongoing state court proceeding. For the reasons set forth below, the motion to dismiss is GRANTED and this case is DISMISSED without prejudice.

Factual Background

According to papers filed by the parties, Burke is currently serving a prison sentence for contributing to the delinquency of a minor and furnishing alcohol to a minor. He is also facing charges of sexual assault. His current § 2254 petition pertains to these latter charges.

Burke claims that his alleged victim has, in the past, falsely accused other men of sexual assault. He asserts that these false allegations are known to both police and prosecutors, but that Attorney Hardin refuses to bring perjury charges against his accuser. He also alleges that Attorney Hardin has had improper conversations with defense counsel and judges, and that she persuaded law enforcement officers to "beef up" and "slant" evidence in favor of the prosecution.

For relief, Burke asks the Court to "declar[e] the invalidity of the underlying proceedings in state court." He has also moved for leave to amend to add a speedy trial claim.

## Discussion

I.  Proper Respondent

As the named respondent, Attorney Hardin moves to dismiss because she is not a proper party. In a § 2254 proceeding, the respondent must be the petitioner's custodian. 28 U.S.C. § 2242; Rules Governing Section 2254 Cases, Rule 2(a). Because Burke is in the custody of the Vermont Department of Corrections ("DOC"), the respondent should be the Commissioner of that Department. See 28 V.S.A. § 701(a) ("When a person is convicted of an offense and the court commits him or her to a term of imprisonment, the

commitment shall be to the custody of the commissioner."). Accordingly, if Burke were going to amend his § 2254 petition, the Court would require him to remove Hardin as the respondent and replace her with the current DOC Commissioner. However, for reasons set forth below, leave to amend will not be granted in this case.

II.   Abstention and Exhaustion

The respondent also argues that, according to the doctrine of abstention set forth by the Supreme Court in Younger v. Harris, 401 U.S. 37 (1971), the Court must refrain from granting Burke any relief.  "Under Younger, federal courts, in the interest of comity, must abstain from enjoining pending state court criminal prosecutions and allow state courts to resolve pending matters within their jurisdiction."  Washington v. County of Rockland, 373 F.3d 310, 318 (2d Cir. 2004) (citing Trainor v. Hernandez, 431 U.S. 434 (1977)).

Younger abstention is required when three conditions are met: (1) there is a pending state proceeding; (2) the proceeding implicates an important state interest; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims.  See Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 100-01 (2d Cir. 2004).  These

conditions are satisfied here, as there is a pending state proceeding, the State of Vermont has an important interest in prosecuting crimes of sexual assault, and Burke can raise his claims of prosecutorial misconduct in the state court proceeding.  Consequently, the petition must be DISMISSED. See, e.g., Wang v. City of New York, 2009 WL 705966, at *2 (E.D.N.Y. March 16, 2009) (dismissing § 2254 petition on basis of Younger); Houston v. Horn, 2007 WL 2993846, at *1 (E.D.N.Y. Oct. 10, 2007) (same).

Furthermore, it is plain that Burke's filing is premature as he has not yet been convicted and exhausted his state court remedies, both of which are necessary to filing a § 2254 petition.  28 U.S.C. § 2254(b)-(c); see Daye v. Attorney General of New York, 696 F.2d 186, 190-92 (2d Cir. 1982) (*en banc*) (the exhaustion doctrine assures the "respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions," and "increas[es] the likelihood that the factual allegations necessary to a resolution of the claim will have been fully developed in state court, making federal habeas review more expeditious.").  Since Burke is not challenging a state court conviction, his petition is premature and DISMISSED without prejudice.

III. <u>Speedy Trial Claim</u>

Since filing his petition, Burke has moved three times for leave to add a speedy trial claim. (Docs. 5, 9 and 11.) This claim, too, would implicate <u>Younger</u> abstention. <u>See</u>, <u>e.g.</u>, <u>Houston v. Horn</u>, 2007 WL 2993846, at *1 (E.D.N.Y. Oct. 10, 2007) (speedy trial claim barred by <u>Younger</u>).

Burke asserts in his motions to amend that the State has acted in bad faith, thereby invoking one of the few exceptions to application of <u>Younger</u>. <u>See</u> <u>Kugler v. Helfant</u>, 421 U.S. 117, 124 (1975) ("the Court in <u>Younger</u> left room for federal equitable intervention in a state criminal trial where there is a showing of bad faith or harassment by state officials responsible for the prosecution . . . ."). Exceptions to the <u>Younger</u> doctrine, however, represent a "very narrow gate for federal intervention in pending state criminal proceedings." <u>Arkebauer v. Kiley</u>, 985 F.2d 1351, 1358 (7th Cir. 1993). "This is because a pending state prosecution usually provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." <u>Saunders</u>, 62 F. Supp. 2d at 634 (citing <u>Kugler</u>, 421 U.S. at 124). Accordingly, courts have applied the bad faith exception sparingly. <u>Id.</u> 636.

In order to successfully invoke a <u>Younger</u> exception, "the defendant in a criminal case must make sufficient

specific factual allegations which support an inference that the particular exception applies and cannot rely on general claims of misconduct." Saunders v. Flanagan, 62 F. Supp. 2d 629, 634 (D. Conn. 1999). Two of Burke's motions to amend state in conclusory fashion that the "respondents" have acted in bad faith. (Doc. 8 and 10.) The third provides slightly more detail, complaining of continuances requested by the prosecution and granted by the state court. (Doc. 5 at 1-2). Such general claims are insufficient.

> In Saunders, the district court explained that
>
> [t]he "bad faith" exception has been applied where the plaintiff alleged that the prosecution was motivated, in part, by his race, Lewellen v. Raff, 843 F.2d 1103, 1112 (8th Cir. 1988); that the prosecution was motivated by a purpose to retaliate for or to deter the filing of a civil suit against state officers, Wilson v. Thompson, 593 F.2d 1375 (5th Cir. 1979); that the prosecution was instituted to harass and punish the federal plaintiffs for having exercised their first amendment rights in criticizing public officials, Fitzgerald v. Peek, 636 F.2d 943 (5th Cir.) (per curiam), cert. denied, 452 U.S. 916 (1981); and that the prosecution was instituted in retaliation for the plaintiff exercising his First Amendment rights by providing truthful testimony which was damaging to the prosecutor in another case, [Smith v. Hightower, 693 F.2d 359, 368 (5th Cir. 1982)]. In each of these cases the plaintiff successfully invoked federal intervention by showing that he was being prosecuted, at least in part, based upon some constitutionally prohibited motive.

62 F. Supp. 2d at 636. Burke makes no such allegations here, claiming only that his trial has been unreasonably and

unlawfully delayed. Because this claim can be adequately addressed by the state courts, the Court sees no need for federal intervention, and any effort to add a speedy trial claim would be futile.

## Conclusion

For the reasons set forth above, the respondent's motion to dismiss (Doc. 7) is GRANTED and Burke's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 4) is DISMISSED without prejudice. Burke's motions to amend (Docs. 5, 9 and 11) are DENIED.

Pursuant to Fed. R. App. P. 22(b), the Court DENIES Burke a certificate of appealability ("COA") because he failed to make a substantial showing of a denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). In addition, because the petition has been dismissed on procedural grounds, he cannot be issued a COA due to his failure to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." See Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000).

It is further certified that any appeal taken <u>in forma pauperis</u> from this Order would not be taken in good faith because such an appeal would be frivolous.  <u>See</u> 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 6th day of April, 2010.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge